**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SAFECO INSURANCE COMPANY OF INDIANA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** 4:11-cv-88 |
| | § | |
| **THOMAS CHARLES CONDER, M.D. AND SHEILA SLATTERY,** | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, SAFECO INSURANCE COMPANY OF INDIANA,** ("Plaintiff"), and files this Original Complaint For Declaratory Judgment against Defendants Thomas Charles Conder, M.D., and Sheila Slattery ("Defendants"), and in support thereof will show the Court as follows:

**I.**
**PARTIES, JURISDICTION AND VENUE**

1.1 Plaintiff Safeco Insurance Company of Indiana is a corporation duly formed and existing under the laws of the state of Indiana. Plaintiff is licensed to conduct business in the State of Texas.

1.2 Defendant Thomas Charles Conder, M.D., an individual, is a resident of the state of Texas. Defendant Conder may be served with process at his home address located at 107 Marina Del Ray, Runaway Bay, Texas 76426.

1.3 Defendant Sheila Slattery, an individual, is a resident of the state of Texas. Defendant Slattery may be served with process at her home address located at 5029 Orchard Road, Bowie, Texas 76230.

1.4 This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a). Complete diversity of citizenship existed between Plaintiff and Defendants at the time of filing this suit. Upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

1.5 Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a)(2), because Defendant Conder resides in this District. Further, all or part of the events giving rise to this controversy occurred in this District.

## II. FACTS

2.1 Plaintiff insures Defendant Conder under a Homeowners Policy, number OY6613076 (effective 10/31/09 – 10/31/09) (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes as though more fully set forth in detail.

2.2 Defendant Conder has been named as a Defendant in an "underlying lawsuit" numbered CV10-04-302, styled *Sheila Slattery v. Thomas Charles Conder, M.D.*, and filed in the 271st Judicial District Court of Wise County, Texas. A true and correct copy of the First Amended Petition filed in the underlying suit is attached hereto as Exhibit "B" and is incorporated herein by reference for all purposes as though more fully set forth in detail.

2.3 As set forth in the underlying suit, Defendant Slattery alleges that she was injured while riding a jet ski being operated by Defendant Conder. Ms. Slattery specifically alleges that she was thrown from the jet ski as the result of the negligent and/or reckless conduct

of Defendant Conder, and that she suffered severe injury when the jet ski flew into the air and landed on her leg.

2.4 Defendant Conder has demanded that Plaintiff defend and indemnify it in the underlying suit. Plaintiff has agreed to tender a defense to Defendant Conder subject to a reservation of rights. Plaintiff maintains, however, that it has no duty to defend or indemnify Conder for the claims made by Defendants Slattery in the underlying suit.

## III.
## REQUEST FOR DECLARATORY RELIEF

3.1 The Policy issued by Plaintiff insures Defendant Conder contains the following insuring agreement:

**LIABILITY LOSSES WE COVER**

**COVERAGE E – PERSONAL LIABILITY**

> If a claim is made or a suit is brought against any damages because of ***bodily injury*** or ***property damage*** cause by an ***occurrence*** to which this coverage applies, we will:
>
> **1.** pay up to our limit of liability for the damages for which the ***insured*** is legally liable; and
>
> **2.** provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the ***occurrence*** equals or limit of liability.

3.2 The Policy contains the following provisions regarding coverage for Medical Payments to Others:

**COVERAGE F – MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses incurred within three years from the date of an accident causing ***bodily injury***. Medical expenses means reasonable charges for medical, surgical, X-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to

you or regular residents of your household other that ***residence employees***. As to others, this coverage applies only:

**1.** to a person on the ***insured location*** with the permission of any ***insured***...

3.3 The Policy excludes coverage for:

**LIABILITY LOSSES WE DO NOT COVER**

**1.** **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to ***bodily injury*** or ***property damage***:

**e.** arising from the ownership, maintenance, use, loading or unloading of:

**3)** watercraft:

**(a)** owned or rented to any ***insured*** if it has inboard or inboard-outdrive motor power of more than 50 horsepower;...or,

**(e)** owned by any ***insured*** which is a ***personal watercraft***.

Exclusion **3(e)** does not apply while the watercraft is stored.

Horsepower means the maximum power rating assigned to the engine or motor by the manufacturer.

3.4 The Policy contains the following relevant definitions:

**1.** Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations...

**3.** "***Bodily injury***" means:

**a.** bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

***Bodily injury*** does not include any disease transmitted by an ***insured*** through sexual contact to any other person...

**10.** "***Occurrence***" means an accident, including exposure to conditions which results in:

**a.** ***bodily injury***; or

**b.** ***property damage;***

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one ***occurrence***.

**11.** "***Personal Watercraft***" means jet skis, wet bikes or other craft, using a water jet pump powered by an internal combustion engine as the primary source of propulsion.

3.5 Plaintiff maintains that the allegations made in the underlying suit fall within exclusion **3(a)** and **3(e)** of the Policy issued to Defendant Conder. Plaintiff seeks a declaration that it has not duty to defend or indemnify Defendant Conder in the underlying suit, and that it has no duty to pay any settlement or judgment entered against Defendant Conder therein.

## IV.
## PRAYER

4.1 For the reasons stated, Plaintiff prays that Defendants be cited to appear herein and that upon trial of this case, Plaintiff be awarded judgment as follows:

1. A declaration that it has no duty to defend Defendant Conder under the terms of policy number OY6613076 (effective 10/31/09 – 10/31/09);
2. A declaration that it has no duty to indemnify Defendant Conder under the terms of policy number OY6613076 (effective 10/31/09 – 10/31/09);
3. Costs of Court;
4. All such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: __/s/ Tarron L. Gartner___________

**R. BRENT COOPER**
State Bar No. 04783250
**TARRON L. GARTNER**
State Bar No. 18686175

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

**ATTORNEYS FOR PLAINTIFF SAFECO INSURANCE COMPANY OF INDIANA**